# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# (CAMDEN VICINAGE)

| | |
|---|---|
| VANDA E. CAREY and<br>THOMAS P. CAREY,<br>    *Plaintiffs,*<br>  v.<br><br>BOARDWALK REGENCY, LLC,<br>    *Defendant/Third-Party Plaintiff,*<br><br>  v.<br><br>CHANG K. YOUNG,<br>    *Third-Party Defendant.* | Civil Action No. 1:21-cv-13700 |

## NOTICE OF REMOVAL

Defendant, Boardwalk Regency, LLC (improperly designated as "Caesars Atlantic City Corporation"), hereby gives notice to the Court, pursuant to 28 U.S.C. §1446(b) of the removal of this action which has been pending in the Superior Court of New Jersey, Law Division, Atlantic County under Docket No.: ATL-L-3429-20 (the State Action). The removal to this Court, Camden Vicinage, is proper for the reasons set forth below:

1. Plaintiffs, Vanda E and Thomas P. Carey, are citizens of the State of New Jersey with a principal residence in Ocean County, New Jersey. Defendant, Boardwalk Regency LLC, improperly designated as "Caesars Atlantic City Corporation" is a limited liability company with a single member, Caesars New Jersey, LLC, which, itself, is a limited liability company with a single member, Caesars World, LLC, which, itself, is a limited liability company with a single member, CEOC, LLC, which, itself, is a limited liability company with a single member, Caesars Resort Collection, LLC, which, itself, is a limited liability company with a single member, Caesars Growth Partners, LLC, which, itself, is a limited liability company with a single

member, Caesars Holdings, Inc., which is a Delaware corporation, with its principal place of business located in Nevada. Defendants, Caesars Atlantic City, LLC, Caesars Entertainment Corp and Caesars Entertainment, Inc. are Delaware Corporations with a principal places of business in Nevada.

2. This matter was originally filed in the Superior Court, Law Division, Atlantic County bearing docket number ATL-L-3429-20. **See Plaintiff's Complaint, attached as Exhibit "A"**.

3. Plaintiffs filed their Complaint against the Defendant to recover for injuries alleged to have been suffered as a result of an April 28, 2019, attack by a criminal inside the Ceasars Casino in Atlantic City, NJ. **See Exhibit "A"**.

4. This is a civil action of which the United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) (diversity).

5. Pursuant to U.S.C. §1332(c)(1), a corporation shall be deemed to be a citizen of every State and foreign State by which it has been incorporated and the State or foreign State where it has its principal place of business.

6. This entire matter is one which may be removed to this Court by virtue of the provisions of 28 U.S.C. §1441(a) and in accordance with 28 U.S.C. §1446.

7. This court is one of proper venue pursuant to 28 U.S.C. §1391(a)(2) because the alleged violation occurred in the State of New Jersey.

8. Venue in the Camden vicinage is proper as the incident occurred at the Caesars property located in Atlantic City, New Jersey.

9. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal has been filed with the Clerk of the Superior Court of New Jersey, Law Division, Atlantic County and written

notice given to the Plaintiff.

10. This Court has original jurisdiction pursuant to 28 U.S.C. Section 1332 and, upon information and belief, the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

11. Within thirty-days of original service, the undersigned contacted Plaintiffs' counsel and advised of our intention to remove this matter to the United State District Court in the event the amount in controversy exceeded $75,000:

> *We reached out to you in good faith to have a discussion concerning the amount in controversy since it is our desire to remove this case to the United States District Court for the District of New Jersey (Camden, NJ) if the amount in controversy is in excess of $75,000.*

**See Defense Counsel Letter, attached as Exhibit "B".**

12. Plaintiffs' counsel originally advised the undersigned that the amount in controversy was less than $75,000:

> *Please allow this to confirm that you represented that Plaintiffs' damages are not worth in excess of $75,000. If that is incorrect, please advise us in writing by the close of business on Thursday, February 11, 2021. If we do not hear from you otherwise, we will assume that this letter contains an accurate account of your representation.*
>
> *If at any point in time you believe that your clients' claims are worth in excess of $75,000, we respectfully request that you contact us to advise us of same.*

**See Exhibit "B".**

13. After receiving the Defense Counsel Letter annexed as Exhibit "B", Plaintiffs' counsel served a letter confirming that he could not place a value on the case at the present time.

> *This will acknowledge receipt of your letter of February 8, 2021. Please be advised that pending further discovery in this matter, I am not in a position to place a value on this matter at this time.*

**See Plaintiffs' Letter, attached as Exhibit "C".**

14. In its Answer filed on February 12, 2021, Defendant, Boardwalk Regency, LLC, demanded that Plaintiffs submit a written statement of damages pursuant to Rule 4:5-2 within five (5) days. **See Answer, attached as Exhibit "D".**

15. On February 12, 2021, Defendant, Boardwalk Regency, LLC, propounded Form "A" Interrogatories, Supplemental Interrogatories, Per Quod Interrogatories, and a Notice to Produce Documents upon Plaintiffs. **See Cover Letter enclosing Discovery Requests, attached as Exhibit "E".**

15. When responses were not received to the request for a statement of damages and to the discovery requests, Defendant, Boardwalk Regency, LLC, filed a Motion to Dismiss Plaintiffs' Complaint.

16. During the pendency of that Motion, Plaintiffs turned over a formal statement of damages in the amount of $435,000. **See Plaintiffs' Statement of Damages, attached as Exhibit "F".**

17. That statement of damages was received on June 22, 2021. **See Exhibit "F".**

18. Pursuant to 28 U.SC. 1446, a party has thirty (30) days from receiving notice that the amount in controversy exceeds $75,000 to remove the case to the United States District Court:

> *… if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.*

19. The instant Notice of Removal is being filed within that 30 day period and within the first year after the commencement of the action and is therefore timely in accordance with 28

U.S.C. 1446(b).

**WHEREAS**, the Defendant, Boardwalk Regency, LLC, respectfully gives notice to this Court with the request for the removal of the State Action in the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court of New Jersey, Camden Vicinage.

                                          **SWEENEY & SHEEHAN**

                                      By: */s/ Giacomo F. Gattuso, Esquire*
                                            Giacomo F. Gattuso, Esquire
                                            Attorney for Defendant/Third-Party Plaintiff,
                                            Boardwalk Regency, LLC, *improperly designated as Caesars Atlantic City Corporation*

DATED:  July 15, 2021